## STATE COURT OF APPEALS—Continued

### No. 72
### LAZZARA et al v. GLAZER et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4629.   Decided Nov. 12, 1923

182. BROKERS—Commission to sell real estate interest for stipulated sum and commission held not agreement "to find a purchaser."

MAUCK, J.

#### Epitomized Opinion
First Publication of this Opinion

This was an action for a real estate commission. The plaintiffs' petition set forth that the defendants engaged them to find a purchaser of certain real estate. The record indicated that the plaintiffs never offered any testimony that they were merely to "find a purchaser." M. Lazzara testified that the defendants' proposition was:

"I will give you $500 on this property if you will be able to sell it for $15,500, so that $15,000 will remain."

The case was tried in the Municipal Court of Cleveland, where a judgment was rendered for the defendants. Plaintiffs prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the plaintiffs pleaded an employment whereby they were to "find a purchaser" for the property in question which was not substantiated by the evidence, no error was committed in rendering a judgment for the defendants. (Pfanz v. Hamburg, 82 OS. 1, followed; Carey v. Conn, 107 OS. 133, dist.)

Attorneys—Nuccio & Romano, for Lazzara; Wm. H Thomas, for Glazer.

### No. 73
### GEOMETRIC STAMPING CO. v. GABRIEL MANUFACTURING CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4550.   Decided Oct. 1, 1923

297. CONTRACTS—Agreement to do what promisor was legally bound to do is without consideration. Damages—Measure of damages for sale of stipulated number of goods with alternative of purchasing deficiency in open market is difference between market price and contract price, thereof.

VICKERY, P. J.

#### Epitomized Opinion
First Publication of this Opinion

This action is an action against the Geometric Stamping Company to recover damages for a breach of contract. In July, 1919, the Geometric Company entered into a contract with the Gabriel Mfg. Co. to furnish the latter with 500,000 snubbers to be used on certain kind of an automobile. In addition to providing the time at which performance was to begin, the contract provided that if the Geometric Company failed to deliver the required number for any one month, the Gabriel Mfg. Co. could buy the snubbers elsewhere and charge the Geometric Co. with the difference in the purchase price. Only about 64,000 snubbers were delivered under the contract. The Geometric Co. admitted a breach of the agreement, but claimed that there was a settlement in which the Geometric Co. was to manufacture 4,000 of a larger size snubbers, which were later delivered. The trial resulted in a verdict for plaintiff for $11,000. The defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Aside from the questionability of a settlement, even if there were, it is doubtful if there was a valid consideration in that the Geometric Stamping Co. agreed to do only what it was legally obliged to do.

2. The 150,000 snubbers which the Gabriel Co. was compelled to buy on the market was not an additional amount that it bought, but an amount which it bought by virtue of the provision in the contract that it might purchase elsewhere and charge the difference to the Geometric Company, and therefore it could charge the difference in price to the defendant.

Attorneys—Calfee, Fogg & White, for the Geometric Stamping Co.; I. Grohs, for Gabriel Mfg. Co.